## *In re* LUMB'S WILL.

### (*Surrogate's Court, New York County.*    October 30, 1891.)

**WITNESS—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT—WAIVER.**

Under Code Civil Proc., which provides (section 835) that an attorney shall not be allowed to disclose a communication made by his client to him in the course of his professional employment, unless (section 836) the privilege is "expressly waived" by the client, a testator, by procuring the attorney who draws his will to be a subscribing witness thereof, waives the privilege as to communications relative to a disinherited son, though decedent expressly requests that they be regarded as confidential.

Proceeding for the probate of the alleged will of Enoch Lumb. Objection to the testimony of an attorney as privileged. Objection overruled.

*C. A. Hart*, for contestant, Jas. M. Lumb. *Miller & Miller*, for executors.

RANSOM, S. By a provision of the Code of Civil Procedure, "an attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given therein, in the course of his professional

employment," (section 835,) "unless the privilege is expressly waived by the client," (section 836.)  The court of appeals, in *Re Coleman*, 111 N. Y. 220, 19 N. E. Rep. 71, held that if a client, in his life-time, shall call his attorney as a witness in a legal proceeding, to testify to transactions taking place between himself and his attorney, such an act would be held to constitute an express waiver of the seal of secrecy imposed by the statute, and that it cannot be any less so when the client has left written and oral evidence of his desire that his attorney should testify to facts learned through their professional relations upon a judicial proceeding taking place after his death, (pages 227 and 228, 111 N. Y., and pages 73, 74, 19 N. E. Rep.;) and that the act of the testator in requesting his attorneys to become witnesses to his will leaves no doubt as to his intention thereby to exempt them from the operation of the statute, and leave them free to perform the duties of the office assigned them, unrestrained by any objection which he had power to remove.  In the present proceeding, the testator, by his will, disinherited his eldest son.  Mr. Davis, the attorney who drew the paper, was produced for examination as a subscribing witness.  He was asked on cross-examination whether the decedent said anything to him in respect to the son who is disinherited.  The witness declined to answer, stating that the communications between them were confidential, and that the decedent made the request that they be so regarded. On the part of the decedent there is an express non-waiver of the privilege in respect to the instructions.  The language of section 835 of the Code, strictly construed, does not admit of a lawyer testifying to the facts attending the execution of a will drawn by him for his client.  The court of appeals has not only relaxed that rule when the lawyer is a subscribing witness, but holds that he may testify to antecedent communications with his client in respect thereto.  The objection was not well taken.  A testator cannot waive the privilege in respect to proving the facts that occurred on the execution of a will, and maintain it in respect to the instruction given for its preparation.  It must apply to all communications and transactions had between the testator and his attorney having reference to the paper under consideration.  To hold otherwise would embarrass the administration of justice.